GILLESPIE, Chief Justice:
ON PETITION FOR REHEARING
On petition for rehearing the appellant again argues that the court erred in overruling his motion for a continuance. We have carefully reviewed this issue because the court will use all reasonable efforts to see that one accused of a crime has the benefit of all available witnesses, especially if the witness is the defendant’s wife.
In this case, counsel for the defendant was appointed on the 8th day of October 1971. No motion for a continuance was filed until ten days later, the day the case came on for trial. Counsel then filed an affidavit that the defendant intended to call his wife as a witness, and while she was not under subpoena, she was hospitalized at the University Hospital in Jackson, and would not be released during the October term, and that counsel had been unable to obtain a statement or affidavit from her because of her physical condition. The affidavit further stated that if she were in court she would contradict the State’s main witness in a material manner as set out in the affidavit. Although counsel stated in his affidavit that he could not obtain a statement or affidavit from defendant’s wife, he did not re *865 veal the basis of his statement as to what her testimony would be. During the course of the trial, defendant’s counsel again renewed his motion without adding any additional information. After the defendant was convicted a motion for a new trial was filed, one of the grounds of which was that the court erred in not granting a continuance. No testimony was offered in support of his motion for a new trial. No explanation was made why an affidavit could not be obtained from defendant’s wife. No doctor’s certificate was offered that she could not communicate. The Court feels that in view of the frequency with which the question of denying a continuance is raised that attention should be called to the following statement from King v. State, 251 Miss. 161, 168 So.2d 637 (1964):
If the court declines to grant the continuance he should sue out the proper process for them, and when the case is called for trial should renew his application, make such changes in his affidavit as the conditions then existing require. If the continuance is still refused, he should with unremitting diligence seek to secure their attendance pending the trial by the continued use of the process of the court; if tried and convicted he should still persist in his efforts to enforce their attendance before the expiration of the term, and on his motion for a new trial present them tO' the court for examination; if, with all of his efforts, he is unable to have the witnesses personally present, he should, if practicable, secure their ex parte affidavits, which should be presented for the consideration of the court, which, on the motion for a new trial, will review the whole case and correct any error prejudicial to the defendant which may appear in any part of the proceeding. (251 Miss, at 171, 168 So.2d at 641).
There is no compliance with the foregoing rule in the present case and no reason given excusing such compliance. We cannot under these circumstances say that the trial court abused its discretion in refusing to grant the continuance.
Petition for rehearing overruled.
All Justices concur..